FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 18, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALVANIQUE K. SMITH,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>TIERNEY CATHCART, SONNI WRIGHT, AVENUE5 RESIDENTIAL LLC, IRON BRIDGE QOZB LLC,<br><br>　　　　　　　Defendants. | No. 2:25-CV-00075-MKD<br><br>ORDER RESOLVING PENDING MOTIONS<br><br>**ECF Nos. 4, 5, 6, 7, 9** |

Before the Court are Plaintiff's pending motions. ECF Nos. 4, 5, 6, 7, 9. Plaintiff is proceeding *pro se*. Defendants have not been served. For the reasons explained below, the Court denies, with leave to renew, Plaintiff's Motion for Temporary Restraining Order; denies as moot Plaintiff's Motion to Expedite Consideration of Temporary Restraining Order; denies Plaintiff's Motion for Discovery; grants Plaintiff's Motion for Electronic Case Filing Authorization; and denies as moot Plaintiff's Motion to Correct Filing.

ORDER - 1

# MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff filed a Motion for Temporary Restraining Order on March 3, 2025. ECF No. 4. Plaintiff then filed a Motion to Expedite Consideration of the motion on March 6, 2025.

Fed. R. Civ. P. 65(b) provides for temporary restraining orders. Injunctive relief "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co. Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A movant must establish "that (1) [she] is likely to succeed on the merits of [her] claim, (2) [she] is likely to suffer irreparable harm absent the preliminary injunction, (3) the balance of equities tips in [her] favor, and (4) a preliminary injunction is in the public interest." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (citing *Winter*, 555 U.S. at 20). The first factor is considered "a threshold inquiry" and "the most important factor." *Id.* (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)) (quotation marks omitted).

Fed. R. Civ. P. 65(b)(1)(A) provides that a court may issue a temporary restraining order without notice to the adverse party in limited circumstances where "specific facts in an affidavit or a verified complaint clearly show that

ORDER - 2

1  immediate and irreparable injury, loss, or damage will result to the movant[.]"  The
2  movant must also certify in writing any efforts made to give notice and the reasons
3  why it should not be required.  Fed. R. Civ. P. 65(b)(1)(B).  Although the
4  restrictions imposed are stringent, they "reflect the fact that our entire
5  jurisprudence runs counter to the notion of court action taken before reasonable
6  notice and an opportunity to be heard has been granted both sides of a dispute."
7  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70*
8  *of Alameda Cnty.*, 415 U.S. 423, 438-39 (1974).
9       As an initial matter, Plaintiff has not certified in writing any efforts made to
10 put Defendants on notice of her *ex parte* motion for a temporary restraining order,
11 nor has Plaintiff offered any reason why notice should not be required, consistent
12 with Fed. R. Civ. P. 65(b)(1)(B).  Courts have recognized very few circumstances
13 justifying the issuance of a temporary restraining order without notice, particularly
14 where notice could have been given to the adverse party.  *Reno Air Racing Ass'n v.*
15 *McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  Further, in view of the record, the
16 Court is not satisfied that Plaintiff has established a likelihood of success on the
17 merits of her claims.  The Court thus denies, with leave to renew, Plaintiff's
18 motion for injunctive relief.  The Court will consider a renewed application for
19 injunctive relief after Plaintiff effectuates service on Defendants and with the
20

ORDER - 3

benefit of adversarial briefing. Plaintiff's Motion to Expedite Consideration is denied as moot.

## MOTION FOR DISCOVERY

On March 4, 2025, Plaintiff filed a Motion for Discovery, seeking "an order compelling Defendants to provide discovery" pursuant to certain Federal Rules. ECF No. 5 at 1. Plaintiff has yet to effectuate service on Defendants. After Plaintiff effectuates service on Defendants and after Defendants file a responsive pleading, the Court—if necessary—will issue a scheduling conference notice that directs the parties to confer about, among other issues, discovery. Plaintiff's Motion for Discovery is denied.

## MOTION FOR ELECTRONIC CASE FILING AUTHORIZATION

On March 4, 2025, Plaintiff filed a Motion for Electronic Case Filing Authorization. ECF No. 6. The Court finds that good cause exists to grant the motion. Plaintiff is directed to contact the U.S. District Court Clerk's Office at (509) 458-3400 to obtain an Electronic Case Filing (ECF) login and password and complete any necessary paperwork. By request and participation in the ECF system, Plaintiff consents to receive notice and service electronically and waives the right to receive notice and service by first class mail pursuant to Fed. R. Civ. P. 5(b)(2)(E). Waiver of service and notice by first class mail applies to notice of the

ORDER - 4

entry of an order and judgment, as well.  Plaintiff is reminded that pleadings filed electronically must bear Plaintiff's signature.

**MOTION TO CORRECT FILING**

On March 6, 2025, Plaintiff filed a Motion to Correct Filing, seeking an order "granting leave to correct a filing error" in her initial Complaint.  ECF No. 7 at 1.  Plaintiff thereafter filed an Amended Complaint.  ECF No. 8.  Plaintiff's Motion to Correct Filing is denied as moot.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Temporary Restraining Order, **ECF No. 4**, is **DENIED as moot**.

2. Plaintiff's Motion to Expedite Consideration of Temporary Restraining Order, **ECF No. 9**, is **DENIED as moot**.

3. Plaintiff's Motion for Discovery, **ECF No. 5**, is **DENIED**.

4. Plaintiff's Motion for Electronic Case Filing Authorization, **ECF No. 6**, is **GRANTED**.

5. Plaintiff's Motion to Correct Filing, **ECF No. 7**, is **DENIED as moot**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, provide a copy to Plaintiff, and, upon request, issue an ECF login and password to Plaintiff.

ORDER - 5

DATED March 18, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 6